NOS. 07-10-00122-CR, 07-10-00123-CR, 07-10-00171-CR and 07-10-00172-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL A
 
--------------------------------------------------------------------------------
MAY 4, 2011
--------------------------------------------------------------------------------

 
 GREGORIO RODRIGUEZ, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE COUNTY COURT AT LAW NO. 2
 
 AND THE 137[TH] DISTRICT COURT OF LUBBOCK COUNTY;
 
 NOS. 2009-455,818, 2009-458,190, 2009-425,597, 2009-422,825;
 
 HONORABLE CECIL PURYEAR, JUDGE
--------------------------------------------------------------------------------

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION
 
In each of these four appeals, appellant Gregorio Rodriguez appeals his conviction on an open plea of guilty and resulting sentence.
Offenses committed on December 21, 2008:
In appellate case number 07-10-0172-CR, appellant was convicted of evading arrest or detention with a vehicle and sentenced to 18 months in a state jail facility;
In appellate case number 07-10-0122-CR, appellant was convicted of possession of marijuana of less than two ounces in a drug free zone and sentenced to 12 months in the Lubbock County Jail.
Offenses committed on October 25, 2009:
In appellate case number 07-10-0171-CR, appellant was convicted of possession of a controlled substance listed in penalty group 1, cocaine of less than one gram and sentenced to 24 months in a state jail facility;
In appellate case number 07-10-0123-CR, appellant was convicted of driving while intoxicated and sentenced to 6 months in the Lubbock County Jail.
In each case, appellant's court-appointed appellate attorney has filed a motion to withdraw from representation supported by an Anders brief. Agreeing with counsel's conclusion that the record fails to show any arguably meritorious issue capable of supporting an appeal, we grant the motion to withdraw in each case and affirm the trial court's judgments.
Punishment hearing testimony showed that on December 21, 2008, a police officer saw a vehicle driving erratically. The officer attempted a traffic stop. As the officer followed the vehicle, he saw a person leap from the vehicle while it remained in motion. The vehicle then jumped a curb, knocked down a fence, and collided with a parked vehicle in a driveway. The location of the accident was within 1,000 feet of a public school. When the officer entered the passenger compartment to turn off the ignition and place the transmission in park, he saw an open container of alcohol. An officer later also found a baggy containing what he believed was marijuana. Police eventually were able to identify appellant as the person operating the vehicle.
Punishment evidence also showed that on October 25, 2009, a motor vehicle driven by appellant struck a police vehicle in the presence of officers. Appellant attempted to flee on foot, but was apprehended and arrested for evading arrest or detention. An officer detected the odor of alcohol on appellant's breath and the odor of marijuana "on his person." While searching appellant for weapons, the officer discovered a baggie containing what he believed was marijuana. In the officer's opinion, appellant appeared intoxicated. He had difficulty standing and walking and was unresponsive to questions. The officer transported appellant to a holding facility. As appellant left the police vehicle, a clear plastic baggie containing a white powder fell from his pant leg. According to a field test, the substance was cocaine. This was later confirmed by the Texas Department of Public Safety Crime Laboratory.
Appellant was charged by indictment or information with the four offenses, and entered guilty pleas to the charged offenses without a plea bargain agreement. A punishment hearing in each case was held the same day as the plea hearing. The trial court admonished appellant of the applicable ranges of punishment and determined he was a United States citizen. It also explained and determined appellant wished to waive the right to trial by jury and the right against self-incrimination. Two police officers gave the testimony we have summarized of the circumstances of the December 2008 and October 2009 offenses. Appellant presented two witnesses. A deacon testified of appellant's church involvement over the preceding five months. The second witness, a relative of appellant, testified of his industry in the workplace, abstinence from alcohol, and family commitment. Following the close of evidence and arguments, the court sentenced appellant in each case. Appellant obtained trial court certification of the right of appeal and timely appealed. 
Thereafter, appellant's appointed appellate counsel filed a motion to withdraw supported by an Anders brief. In the brief, he certifies to his diligent review of the record and his opinion under the controlling authorities and facts of the cases no reversible error or arguably legitimate ground for appeal exists. The brief discusses the procedural history of the case and the events at the plea hearing. Counsel discusses the applicable law and sets forth the reasons he believes no arguably meritorious issues for appeal exist. A letter to appellant from counsel, attached to counsel's motion to withdraw, indicates that a copy of the Anders brief and the motion to withdraw were served on appellant, and counsel advised appellant of his right to review the record and file a pro se response. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. refused). By letter, this court also notified appellant of his opportunity to submit a response to the Anders brief and motion to withdraw filed by his counsel. Appellant did not file a response.
In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record in each matter. Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If we determine the appeal has arguable merit, we will remand it to the trial court for appointment of new counsel. Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).
In the Anders brief, counsel concludes the appeal is frivolous. We have made an independent review of the entire record to determine whether arguable grounds supporting an appeal exist. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We find no arguable grounds supporting a claim of reversible error, and agree with counsel that the appeal is frivolous.
Accordingly, we grant counsel's motion to withdraw in each case and affirm the judgments of the trial court.

 James T. Campbell
 Justice
Do not publish.